IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JONATHAN T. CAMMON**,

    Plaintiff,

    v.

**WASHINGTON COUNTY JAIL**,

    Defendant.

No. 3:12-cv-00339-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Pro se plaintiff Jonathan T. Cammon, who was formerly incarcerated at the Washington County Jail, brought this suit under 42 U.S.C. § 1983. It appears Mr. Cammon alleges Washington County (the "County") was deliberately indifferent to his medical needs. The County moved to dismiss for failure to state a claim [12]. It also filed a motion to stay discovery [24] and plaintiff filed a motion to compel discovery [15], as well as a motion titled "Request for Production" [22].

**FACTUAL BACKGROUND**

    Mr. Cammon's claims appear to be based on the medical treatment he received while incarcerated at the Washington County Jail. (Compl. [2] 8). His need for medical treatment and medication was the result of a broken thumb which he admitted to being his own fault. (*Id.* at 5, 8). Mr. Cammon alleges that he requested treatment for his thumb and was denied immediate medical attention from several nurses and staff members. (*Id.* at 3, 8, 15). However, his thumb was x-rayed

1 – OPINION AND ORDER

three and a half days after arriving at the jail, he received a hand brace one day after that, and he was "properly diagnosed on Monday Jan. 30th." (*Id.* at 8, 10). He had surgery two weeks after arriving at the jail, when he was taken back to the doctor. (*Id.* at 8, 11, 16). Following surgery, Mr. Cammon was provided with bags of ice that leaked but he was not given a sling. (*Id.* at 16).

During this time period, he alleges that he was provided with "3 ibuprofen 3 times daily" for two weeks in a row, and received a total of 108 pills in 12 days. (*Id.*). During the first three days after surgery, Mr. Cammon waited for long periods of time for his pain medication, approximately 8.5 hours on the first day, 9.5 hours on the second day, and 10.55 hours on the third day. (*Id.* at 16–17). Finally, he received no pain medication for two days. (*Id.* at 17).

Mr. Cammon also makes allegations regarding anti-depression medication. He alleges that he went "a total of 20 days without [his] prescribed medication" even though he "asked a ridiculous amount of times for [his] prescribed medication celexa (citalopram)." (*Id.* at 15). Mr. Cammon also alleges that he requested his anti-depression medication daily and had been taking 20 milligram doses prior to prison. (*Id.*). He alleges that due to the denial, he cried for days in his prison cell, had difficulty eating during meals (although it may have also been because of pain from his hand), was placed in a special cell for suicidal inmates, and on one occasion, suffered a nervous breakdown in his cell. (*Id.* at 15–16).

## LEGAL STANDARD

"On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued

litigation." *Star v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although detailed factual allegations are not required, a plaintiff must include more than "conclusions . . . and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When construing the pleadings of a pro se plaintiff, the court must do so liberally and afford the plaintiff the benefit of any doubt. *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882–83 (9th Cir. 1991). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

After careful review and liberally construing Mr. Cammon's allegations, it appears that he alleges a violation of the Eighth Amendment under 42 U.S.C. § 1983 against the County. Although unclear, it appears that he alleges violations by the County based on a failure to provide proper medical treatment for his broken thumb (including a failure to properly provide him with pain medication) and a failure to provide him with his anti-depression medication. The dates are not clear for many of the events Mr. Cammon alleges. Based on his allegations and the dates the County provided, it appears he was admitted to jail on January 21, 2012, his thumb was x-rayed on January 24, 2012, he received a hand brace on January 25, 2012, he was properly diagnosed on January 30, 2012, he had surgery February 3, 2012, and he was released on February 8, 2012.

An Eighth Amendment violation based on deficient medical care requires "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). If a plaintiff shows a "serious medical need," the analysis turns on the presence of "deliberate indifference," which "is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The indifference to a prisoner's medical needs must be substantial and is not established by "[m]ere 'indifference,' 'negligence,' or 'medical malpractice.'" *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Assuming Mr. Cammon's broken thumb was a serious medical need, and drawing all reasonable inferences in his favor, his allegations are insufficient to show the County acted with deliberate indifference to his broken thumb. According to Mr. Cammon, his thumb was x-rayed three and a half days after arriving at the jail, he received a hand brace the day after, he was properly diagnosed nine days later, and he had surgery four days after that, all within two weeks of his incarceration. The County's conduct did not constitute deliberate indifference simply because Mr. Cammon's "treatment was not as prompt or efficient as a free citizen might hope to receive." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). The County's conduct would, at most, rise to the level of negligence or medical malpractice. And the allegations of insufficient pain

4 – OPINION AND ORDER

medication do not change the result. *See Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding a delay in administering pain medication might be negligence but does not constitute deliberate indifference). Mr. Cammon was provided with "3 ibuprofen 3 times daily" for the first two weeks prior to surgery and continued to receive pain medication after. (Compl. [2] 16–17). Although he may have had to wait longer than he would have liked, he received pain medication and the County's alleged conduct did not constitute deliberate indifference. *See Frost*, 152 F.3d at 1130.

It appears Mr. Cammon also claims the County denied his request for his prescription anti-depression medication, Celexa. He alleges that prior to his incarceration, he had been taking 20 milligram doses, however, because of the County's denial, he "went a total of 20 days without [his] prescribed medication." (Compl. [2] 15). Assuming all of Mr. Cammon's factual allegations are true, and drawing all reasonable inferences in his favor, he has still not included sufficient allegations to state a claim that the County was deliberately indifferent to a serious medical need. He does not include allegations showing his depression was a serious medical need. And he does not identify when or to whom he made requests for anti-depression medication. Nor does he provide any non-conclusory allegations that would allow me to infer officials were aware of the alleged seriousness of his depression.

The deficiency as to Mr. Cammon's theory that the County was deliberately indifferent to his broken thumb fails as a matter of law based on the facts Mr. Cammon has alleged. I find allowing amendment as to that theory would be futile as the allegations made establish the County was not deliberately indifferent to Mr. Cammon's thumb injury.

However, the allegations as to Mr. Cammon's anti-depression medication are significantly less clear in his complaint and I therefore grant Mr. Cammon leave to amend as to that theory. He

5 – OPINION AND ORDER

is advised to identify the basis for that theory in more detail, sufficient to put the County on notice concerning that basis, including the background of his depression and its severity, when he made requests for his medication, and whether prison officials were ever made aware of the seriousness of this condition. He must state allegations that rise to the level of deliberate indifference, as opposed to mere indifference or negligence.

## CONCLUSION

For the foregoing reasons, I GRANT defendant's Motion to Dismiss for Failure to State a Claim [12] without prejudice and with leave to amend. Plaintiff has 30 days from the date of this order to amend his complaint and attempt to state a viable claim based on deliberate indifference to his serious medical needs arising out of a denial of anti-depression medications while he was in the County's custody. Defendant's Motion to Stay Discovery Pending Court's Ruling on Defendant's Motion to Dismiss for Failure to State a Claim [24] is DENIED as moot. However, in light of my ruling, discovery is STAYED until plaintiff files an amended complaint and defendant has responded. Accordingly, plaintiff's Motion to Compel [15] and "Request for Production" [22] are DENIED.

IT IS SO ORDERED.

DATED this   15th   day of May, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court